ZEICHNER ELLMAN & KRAUSE LLP

730 THIRD AVENUE

NEW YORK, NEW YORK 10017

TEL: (212) 223-0400

MICHAEL E. SIMS
(212) 826-5328
msims@zeklaw.com

WWW.ZEKLAW.COM

October 3, 2024

**BY ECF**

Hon. Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

**GFP Enters. LLC v. Garner Environmental Servs., Inc., et al.**
**Case No. 1:24-cv-06064 (GHW)**

Dear Judge Woods:

We represent defendant DJ Doctor LLC d/b/a iRent Everything ("iRent") in this action. We write, pursuant to Rule 2.E of the Court's Individual Rules of Practice, to request a pre-motion conference for leave to file a motion to dismiss plaintiff's Amended Complaint as against iRent.[1] The Court should dismiss the Amended Complaint because plaintiff fails to state a claim against iRent for tortious interference with prospective economic advantage (the only claim asserted against iRent).

To state a claim for tortious interference with prospective economic advantage (also known as tortious interference with business relations), "a plaintiff must adequately allege that: (1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted with a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship." *Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., LLC*, 455 Fed. Appx. 102, 105. (2d Cir. 2012). Here, plaintiff fails to adequately plead, as against iRent, *any* of the elements of tortious inference with business relations.

Regarding the first and second elements, plaintiff fails to adequately allege what "business relations" iRent allegedly "interfered" with. The main allegation against iRent, asserted

---

[1] The Court has scheduled conference for October 16, 2024 at 3:00 p.m. concerning co-defendants' proposed motions to dismiss. (Doc. 30.) iRent requests that it be heard regarding its proposed motion to dismiss at that conference. (And plaintiff did not consent to the requested relief.)

NEW YORK | CONNECTICUT | NEW JERSEY | VIRGINIA | WASHINGTON, D.C. | TEL AVIV

ZEICHNER ELLMAN & KRAUSE LLP

Judge Gregory H. Woods
October 3, 2024
Page 2

by plaintiff "[u]pon information and belief," is that it "colluded with [defendant] Garner to replace all existing tenting with their own testing [sic] at pricing well below industry standards, thereby undercutting GFP and all of its vendors by utilizing GFP's breakdown of preferred pricing." Amended Complaint ("AC") ¶ 70. But the Amended Complaint contains only general and conclusory allegations of interference; there are no specific facts concerning the business of these "GFP Vendors," the nature of their relationship with plaintiff (both past and ongoing), or how these "business relations" were allegedly disrupted by iRent. For this reason alone, the Court should dismiss plaintiff's tortious interference claim against iRent. *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 262 (2d Cir. 2015) (noting New York courts have rejected claims containing "only a general allegation of interference with customers without any sufficiently particular allegation of interference with a specific contract or business relationship.")

As to the third element (wrongful purpose or improper means), "as a general rule, the defendant's conduct must amount to a crime or an independent tort." *Carvel Corp. v. Noonan,* 3 N.Y.3d 182, 190 (2004). There is one exception to this rule "where a defendant engages in conduct for the sole purpose of inflicting intentional harm on plaintiffs." *Id*. But this exception is "narrow" and "wrongful means" are not shown when "a defendant has acted with a permissible purpose, such as normal economic self-interest." *Id*. Here, plaintiff alleges no facts showing iRent committed a crime or independent tort. The Amended Complaint alleges only that Garner wanted iRent to "take over the tents" at the two asylum facilities, including negotiating with tent vendors, in connection with GFP's demobilization and departure from the facilities. *Id*. ¶¶ 102-108. There is nothing close to criminal or tortious here. Equally, there are no pleaded facts showing iRent acted "for the sole purpose of inflicting intentional harm" on plaintiff. Rather, the Amended Complaint alleges that "Defendants' actions" were taken "solely" to "increase the Defendants' profits." *Id*. ¶72. Even accepting this allegation as true, this is precisely the type of "normal economic self-interest" which precludes a finding of wrongful means.

Finally, plaintiff also fails to adequately plead how the defendants' alleged actions injured its vendor relationships. The Amended Complaint alleges, in a conclusory way, that iRent's "assistance to Garner in obtaining and reviewing GFP's confidential pricing information and/or contacting GFP's vendors directly, caused injury to GFP's relationship with the GFP Vendors[,]" and that such "interference by Defendants proximately caused GFP's damages." AC ¶¶ 126-127. Putting aside the pleaded fact the pricing information was "requested" by Garner and freely provided by GFP (Id. ¶¶ 59, 62), these conclusory allegations of causation and (unspecified) damages are insufficient to state a claim as a matter of law. *Miller v. Levi & Korsinsky, LLP*, 2021 U.S. Dist. LEXIS 27448 at *24 (S.D.N.Y. 2021) (dismissing tortious interference claim and collecting cases rejecting conclusory allegations or legal allegations couched as factual allegations). Indeed, it is not at all clear from the Amended complaint how iRent allegedly harmed plaintiff. There are no specific factual allegations concerning how any actions of iRent (or any other defendant for that matter) damaged, and to what extent, a particular business relationship between

ZEICHNER ELLMAN & KRAUSE LLP

Judge Gregory H. Woods
October 3, 2024
Page 3

plaintiff and one of its vendors. For this reason, too, the Amended Complaint fails to state claim for relief against iRent.

        For each of the foregoing reasons, iRent requests leave to file a motion to dismiss the Amended Complaint.

Respectfully submitted,

*/s/ Michael E. Sims*

Michael E. Sims

cc:      All Counsel (by ECF)